| | |
|---|---|
| RICKY L. BROWN | CIVIL ACTION 3:12-CV-00289 |
| VERSUS | JUDGE JAMES |
| BOARD OF COMMISSIONERS FIFTH LOUISIANA LEVEE DISTRICT | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court are Defendants' Motion to Dismiss (Doc. 94), Motion for Summary Judgment (Doc. 95), and Motion to Remand (Doc. 106). Those motions have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and the standing order of this Court. For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss the federal and state takings claims (Doc. 94) be granted, that Defendants' Motion for Summary Judgment be granted as to the equal protection and due process claims (Doc. 95), and that Brown's action be dismissed. Defendants' Motion to Remand should be denied as moot (Doc. 106).

I. Background

In 2007, Brown purchased a 21.173-acre tract of land in Tensas Parish, Louisiana. Brown intends to construct a residential neighborhood on the land and name it the "Wild Plum Recreation Park Subdivision" ("the Subdivision").

Brown's land "is located . . . between La. Hwy. 604 (which runs parallel to the Mississippi River Mainline Levee) and Lake Bruin," which includes the Bondurant

Levee and Hydraulic Fill (Doc. 79-1, p. 8.). The Hydraulic Fill was constructed to support the Bondurant Levee. Brown's land is a riparian area burdened by a legal public servitude in favor of the State of Louisiana, managed by the Fifth Louisiana Levee District ("Levee District"). As a result, Brown was required to secure permits from the Levee District before developing the Subdivision.

On February 10, 2015, the Levee District informed the Corps that Brown intended to develop the Subdivision (Doc. 62-3, p. 1). The Levee District also forwarded Brown's plans for roads, ditches, power poles, and guy wires (Doc. 62-3, p. 1). The Corp's Flood Control and Hydropower Section approved Brown's plans under the Rivers and Harbors Act and, on March 6, 2015, the Corps notified the Levee District that it had no objections to the Subdivision under 33 U.S.C. § 408 (Doc. 62-3, p. 1). The Corps also notified Brown that a CWA (wetlands) permit was not required (Doc. 79-1, pp. 2-3). Therefore, Brown's proposed construction of the Subdivision is not subject to further evaluation by the Corps.

Brown alleges there was a misunderstanding between himself and the Levee Board as to Brown's intentions to install water lines, sewer lines, utility lines, sewer tanks, and treatment facilities in relation the Mainline Levee Right-of-Way (Doc. 1). Brown alleges he has sought only to develop the portions of the subdivision that are located beyond the Levee District's right-of-way. Brown contends a Louisiana state court issued a Stipulated Judgment on January 7, 2010, which set forth Brown's affirmative obligations preparatory to the issuance of a permit from the Levee District (Doc. 1). According to Brown, the Levee Board refused to acknowledge he

2

had discharged his obligations under the Stipulated Judgment, so Brown filed a motion for writ of mandamus (Doc. 1-1, p. 39/45). A second state court judgment, dated January 11, 2011 (Doc. 1-2, p. 5/11), was issued which states Brown is permitted to develop the property as set forth in the stipulated judgment of January 7, 2010.

Brown claims the Levee Board has not honored the 2011 judgment and issued his permits. This lawsuit resulted.

Brown initially sued the Fifth Louisiana Levee District Board of Commissioners ("Levee District") and two of its employees, Reynold Minsky ("Minsky") in his official capacity as President/Superintendent of the Levee District, and James Shivers ("Shivers") in his official capacity as President/Superintendent of the Levee District (Doc. 1-1, pp. 2-3). On April 1, 2015, Brown amended his complaint to assert claims against the Louisiana Department of Transportation and Development ("DOTD") and the United States Army Corps of Engineers ("Corps") (Doc. 50). Brown's claims against the DOTD and the Corps have been dismissed (Docs. 85, 86).

Brown alleges this Court's jurisdiction pursuant to: 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity jurisdiction); the Just Compensation Clause ("Takings Clause") of the Fifth Amendment (42 U.S.C. § 1983); 28 U.S.C. 1343(a)(3) (equal rights violation); and pendant jurisdiction over supplemental state law claims.

Brown asserts the following claims against the Levee Board, Minsky, and Shivers: (1) unconstitutional regulatory taking; (2) violation of the Equal Protection

Clause; (3) a state law claim for a regulatory taking; and (4) punitive damages. Brown seeks monetary damages in excess of $1,000,000.00, alleging Defendants have interfered with his use of his property for ten years.

II. Law and Analysis

A. Defendants' Motion to Dismiss Brown's takings claims should be granted.

In their motion to dismiss, Minsky, Shivers, and the Levee District contend this Court lacks subject matter jurisdiction over Brown's complaint because: (1) complete diversity does not exist in this case; (2) Brown's Takings Clause claims are not ripe for adjudication; and (3) Brown lacks standing to assert any claim for damages against the Levee District because there has not been a final agency action. The Levee District has not moved to dismiss Brown's Equal protection claims.

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution or federal statutes. See Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). There is a presumption against subject matter jurisdiction, which must be rebutted by the party bringing an action to federal court. See Coury, 85 F.3d at 248. The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists. See Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986).

Lack of subject matter jurisdiction may be found on any one of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. See Robinson v. TCI/US West

4

Communications, Inc., 117 F.3d 900, 904 (5th Cir. 1997). Where subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. No presumptive truthfulness attaches to the plaintiff's allegations. See Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004).

1. This Court does not have diversity jurisdiction.

Brown filed this action in federal Court alleging there is federal jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties. Defendants contend diversity does not exist because the Levee District is not a citizen of any state of purposes of diversity jurisdiction. Defendants contend, alternatively, that if the Levee District is a citizen of Louisiana, then diversity jurisdiction still does not exist.

The diversity statute permits federal district court jurisdiction over suits for more than $75,000 between citizens of different States. See 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); Stangel v. A-1 Freeman N. Am. Inc., 64 Fed. Appx. 416, *1 (5th Cir. 2003).

A levee district/levee board is a state agency. See Vogt v. Board of Commissioners of Orleans Levee District, 294 F. 3d 684, 692 (5th Cir. 2002). However, a levee district is a corporation so distinct and independent that it is a separate entity from the State. See Haas v. Board of Commissioners of Red River, Atchafalaya & Bayou Boeuf Levee District, 206 La. 378, 383, 19 So. 2d 173, 174 (1944); see also State by and through Caldwell v. Fournier Industrie et Sante and

Laboratories Fournier, S.A., 208 So.3d 1081, 1084-85 (La. App. 1st Cir. 2016). A levee district is not an arm of the State of Louisiana for purposes of Eleventh Amendment immunity, and the federal court has jurisdiction over a landowner's action, under the Takings Clause, against a levee board. See Vogt v. Board of Commissioners of Orleans Levee District, 294 F.3d 684, 696 (5th Cir. 2002), cert. den., 537 U.S. 1088 (2002); see also Board of Levee Commissioners of Orleans Levee District v. Hulse, 17 F.2d 785, 786 (E.D. La. 1927). Therefore, the Fifth Levee District Board of Commissioners is a citizen of Louisiana.

Likewise, Shivers and Minsky are sued in their official capacities as President/Superintendent of the Board of Commissioners of the Fifth Louisiana Levee District. Persons sued in their official capacities have the same citizenship as the entity they represent. See Stancu v. Romanian Orthodox Episcopate of America, 2001 WL 1516748, at *3, n.4 (N.D. Tex. 2001); see also Kentucky v. Graham, 473 U.S. 159, 166 (1985) (an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity); Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1387, n.5 (9th Cir. 1988), cert. den., 488 U.S. 1006 (1989); Northeast Federal Credit Union v. Neves, 837 F.2d 531, 534 (1st Cir. 1988). Since a suit against Shivers and Minsky in their official capacities is a suit against the Fifth Louisiana Levee District, Shivers and Minskey in their official capacities are citizens of Louisiana.

Since all parties in this case are citizens of Louisiana, this Court does not have diversity jurisdiction.

## 2. Brown's Takings Clause claim is not ripe.

Defendants also contend there is no federal question jurisdiction under 28 U.S.C. § 1331, because Brown's claim is not ripe under the Takings Clause until the Levee Board has reached a final decision as to how the regulation will be applied to the landowner, and because Brown has not exhausted his state remedies for compensation.

Brown alleges that, despite fulfilling his obligations pursuant to the stipulated judgment, as recognized in the second judgment, the Levee Board has refused to issue permits for him to develop his subdivision. Brown alleges the Levee Board's interference with his property development, despite a state court judgment ordering them to issue the permits, constitutes an unconstitutional taking.

The Takings Clause of the Fifth Amendment states: "[N]or shall private property be taken for public use, without just compensation." The aim of the Clause is to prevent the government "from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." See E. Enterprises v. Apfel, 524 U.S. 498, 522 (1998) (citing Armstrong v. United States, 364 U.S. 40, 49 (1960)). A "classic taking" is on in which the government directly appropriates private property for its own use. See E. Enterprises, 524 U.S. at 522 (citing United States v. Security Industrial Bank, 459 U.S. 70, 78 (1982)). Government regulation of private property may, in some instances, be so onerous that its effect is tantamount to a direct appropriation or ouster. Such regulatory takings may be compensable under the Fifth Amendment. See Robinson v. City of Baton

Rouge, 2016 WL 6211276 at *35 (M.D. La. 2016), amended, 2016 WL 6460220 (M.D. La. 2016) (citing Lingle v. Chevron U.S.A., Inc., 544 U.S. 528, 537 (2005)). Also, the failure of a governmental entity to satisfy a judgment could, in some circumstances, amount to a violation of the Takings Clause of the U.S. Constitution, which would give rise to a sufficient federal interest to overcome a state anti-seizure provision. See Vogt, 294 F.3d at 697; see also Benson v. Regional Transit Authority, 2015 WL 5321685, at *2 (E.D. La. 2015). However, the Fifth Circuit has only found a sufficient federal interest in the remedy when the governmental entity's behavior indicates an obstinance to ever satisfying the judgment. See Freeman Decorating Co. v. Encuentro Las Americas Trade Corp., 352 Fed. Appx. 921, 925 (5th Cir. 2009).

Due to the principle of ripeness, a landowner must first pursue the various state court remedies to be able to assert a takings claim. See U.S. Const. amend. V, XIV; 42 U.S.C.A. § 1983. A claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue. See Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172, 186 (1985). Ripeness is a question of law that implicates the Court's subject matter jurisdiction. See Urban Developers, LLC v. City of Jackson, Miss., 468 F.3d 281, 292 (5th Cir. 2006).

An analysis of the takings clause issue requires an inquiry into the nature of the property interest alleged to have been taken. See Louisiana Seafood Mgmt.

8

Council v. Louisiana Wildlife & Fisheries Commission, 97-1367 (La. 5/19/98), 715 So.2d 387, 392. In this case, Brown contends Defendants have interfered with his right to develop his property. See La. C.C. art. 477.

The Supreme Court has adopted a two-prong test for ripeness under the Fifth Amendment's Takings Clause, explaining that such claims are not ripe until (1) the relevant governmental unit has reached a final decision as to how the regulation will be applied to the landowner; and (2) the plaintiff has sought compensation for the alleged taking through whatever adequate procedures the state provides. See Urban Developers, LLC, 468 F.3d at 292–93 (citing Williamson County Regional Planning Commission, 473 U.S. at 186, 194); see also Robinson, 2016 WL 6211276 at *2. A claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue. See Williamson County Regional Planning Commission, 473 U.S. at 186. To seek compensation, a plaintiff should file an inverse condemnation lawsuit in the state courts pursuant to La. R.S. 13:5111, et seq. See Liberty Mutual Insurance Co. v. Brown, 380 F.3d 793, 797 (5th Cir. 2004); see also Broome v. U.S. Army Corps of Engineers, 2015 WL 4875870.*3 (E.D. La. 2015); Wynat Development Co. v. Board of Levee Commissioners for Parish of Orleans, 97-2121 (La. 4/14/98), 710 So.2d 783, 785, cert. den., 525 U.S. 1017 (1998).

Defendants contend Brown's claim is not ripe because they never issued a final decision on his application. Brown concedes in his last brief that he has not made a

9

claim for compensation in state court, so his federal takings claim is not yet ripe (Doc. 140, p. 2/7).

The evidence and representations before the Court have always, and still do, indicate in general that Brown's permit requests have been inadequate, but not denied. In fact, the Levee District has repeatedly indicated its willingness to reconsider and hopefully approve Brown's plans upon submission of supplementary information. That Brown's efforts have been unsuccessful to date simply does not give rise to a Takings Claim under these circumstances. Indeed, this litigation–which Brown has, in prior briefing, admitted arose from "misunderstandings" between himself and the regulatory agencies–has almost certainly inhibited Brown's efforts to develop the subdivision.

Regardless of whether Defendants can be said to have issued a final decision, Brown's claim is not ripe because he has not sought compensation in the state courts through an inverse condemnation or other proceeding. Although Brown has obtained two state court judgments in his favor as to his right to develop his property, Brown has not shown that he ever sought compensation from Defendants in a state court. Therefore, Brown's Takings Clause claim is not ripe. Defendants' Motion to Dismiss (Doc. 94) for lack of subject matter jurisdiction over Brown's federal Takings Clause claim should be granted.

> 3. **The Court should decline to exercise supplemental jurisdiction over Brown's state law takings claim.**

Brown also alleges a state law takings claim pursuant to the pendant jurisdiction of this court. However, this court's dismissal of Brown's federal takings

10

claim (as well as his other federal claims, discussed below) makes it appropriate to dismiss his state law claim without prejudice.

District courts have "supplemental jurisdiction" over claims so related to a federal question "that they form part of the same case or controversy." 28 U.S.C. §1367(a); see also Rodriguez v. Pacificare of Texas, Inc., 980 F. 2d 1014, 1018-19 (5th Cir.), cert. den., 508 U.S. 956 (1993); Whalen v. Carter, 954 F. 2d 1087, 1097 (5th Cir. 1992). The district courts may decline to exercise supplemental jurisdiction over a claim under §1367(a) if the district court has dismissed all claims over which it has original jurisdiction. See Rodriguez, 980 F. 2d at 1018; Stephens v. LJ Partners, 852 F. Supp. 597, 600 (W.D. Tex. 1994); Holt v. Lockheed Support Systems, Inc., 835 F. Supp. 325, 329 (W.D. La. 1993). In deciding whether to exercise supplemental jurisdiction, the court must consider judicial economy, convenience, fairness, and comity. See Metropolitan Wholesale Supply, Inc. v. M/V Royal Rainbow, 12 F. 3d 58, 61 (5th Cir. 1994). The general rule in the Fifth Circuit is to dismiss state claims when the federal claims to which they are pendent are dismissed. See Enochs v. Lampasas Cty., 641 F.3d 155, 161 (5th Cir. 2011).

Brown's federal regulatory takings claim should be dismissed because it is not ripe. Brown first needs to bring an inverse condemnation suit in the state court. Since Brown's federal claims should be dismissed, it is recommended that Brown's state law takings claim be dismissed without prejudice in the interests of comity and judicial economy.

B.  **Defendants' Motion for Summary Judgment should be granted.**

1.  **Standards governing the Motion for Summary Judgment.**

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed-- show that the movant is entitled to it; or
> (4) issue any other appropriate order.[1]

"A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Hefren v. McDermott, Inc., 820 F.3d 767, 771 (5th Cir. 2016) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the non-movant. See Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010). However, a mere scintilla of evidence is insufficient to defeat a motion for summary judgment. See Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

---

[1] Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts.

## 2. Brown failed to carry his burden of proving an Equal Protection violation.

Brown contends Defendants have treated him differently from similarly situated property owners along the levee (Doc. 140). Brown contends his neighbors along the levee have built structures on the levee right-of-way and were either readily granted a permit to do so or simply built without a permit. Brown alleges Defendants are demanding he remove his recently installed water lines, even though they are in close proximity to previously buried public utility lines that were allowed or permitted by the Levee District (Doc. 104, p. 10).

Defendants argue that Brown has failed to show other landowners similarly situated to him have been treated differently (Doc. 142). First, Defendants contend Brown's property is "uniquely dangerous" because portions of it are located within both the Levee District's right of way and the Bondurant fill. Second, Defendants contend Brown has not been treated differently from other landowners because other landowners who have encroached on the Levee District's right of way were required to apply for and provide adequate information for a permit. Defendants argue that Brown has not been willing to provide adequate information for issuance of permits. Finally, Defendants argue the existence of other structures, located in "less dangerous areas" than Brown's property, is not evidence that Brown was treated differently.

The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper

13

execution through duly constituted agents. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). To show an equal protection violation in his "class of one" claim, Brown must prove (1) he has been intentionally treated differently from others similarly situated and (2) there is no rational basis for the difference in treatment. See Hackbelt 27 Partners, L.P. v. City of Coppell, 661 Fed. Appx. 843, 848 (5th Cir. 2016) (citing Village of Willowbrook, 528 U.S. at 564). Equal protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices. See FCC v. Beach Communications, Inc., 508 U.S. 307, 313–14 (1993). Where there are plausible reasons for governmental action, the Court's inquiry is at an end. See *id.*; see also Craig v. City of Yazoo City, Miss., 984 F. Supp. 2d 616, 624 (S.D. Miss. 2013).

There is no precise formula to determine whether an individual is similarly situated to comparators. See Hackbelt 27 Partners, L.P., 661 Fed. Appx. at 848 (citing Lindquist v. City of Pasadena, Tex., 669 F.3d 225, 233 (5th Cir. 2012). Rather, the court considers the full variety of factors that an objectively reasonable decision maker would have found relevant in making the challenged decision. See *id.* The "similarly situated" requirement must be enforced with particular rigor in the land-use context because zoning decisions will often, perhaps almost always, treat one landowner differently from another. See Lindquist, 656 F. Supp. 2d at 688 (citing Cordi–Allen v. Conlon, 494 F.3d 245, 251–52 (1st Cir. 2007)); see also Craig, 984 F. Supp. 2d at 623. The evidence must support an inference of a high degree of similarity between the plaintiff and the comparators in the areas relevant to the government's purpose or mission. See Lindquist, 656 F.Supp.2d at 687. A class-of-

14

one plaintiff must establish "factual as well as regulatory similarity." See Lindquist, 656 F. Supp. 2d at 687 (citing Cordi–Allen, 494 F.3d at 252; see also Beeler v. Rounsavall, 328 F.3d 813, 817 (5th Cir. 2003), cert. den., 540 U.S. 1048 (2003) (alleged comparators must be similarly situated "under the Code").

The cases involving land-use permits and regulation show that an alleged comparator's lot must be similar in size, scope, and use. If a comparator receives a permit or license and the plaintiff does not, the applications and documentation must be extremely similar. See Lindquist, 656 F. Supp. 2d at 688–89; LGD Properties Inc. v. Seis Lagos Util. Dist., 2015 WL 12990202, at *5 (E.D. Tex. 2015), aff'd, 654 Fed. Appx. 672 (5th Cir. 2016)'; see also Hackbelt, 661 Fed. Appx. at 848 (plaintiff failed to establish there were other properties similarly situated to his in size and proposed use–to build a hotel–that were treated differently); Unique Properties, LLC v. Terrebonne Parish Consolidated Government, 2004 WL 1278001, *5 (E.D. La. 2004), aff'd, 150 Fed. Appx. 313 (5th Cir. 2005) (the court rejected land developer's equal protection claim arising out of the denial of a drainage variance because the adjacent property was not substantially similar with respect to elevation and number of lots); Highland Development, Inc. v. Duchesne Cty., 505 F. Supp. 2d 1129, 1151–52 (D. Utah 2007) (the court found the plaintiff real estate developers failed to establish they were similarly situated to a comparator because the scale of the project alone was enough to distinguish plaintiffs from other home builders in the area).

Brown alleges that other landowners along the levee have been treated differently, and submitted aerial pictures of homes with adjacent buildings along the

levee (Doc. 140). Apparently Brown is contending those landowners have placed buildings on the Levee District's right-of-way. However, Brown has not shown precisely where those structures are located in relation to the right-of-way and the Bondurant fill, has not provided copies of their applications and documentation (or designated which buildings were built without permits), and has not shown those lots are similar in size and use to his. More specifically, Brown has not alleged or shown that he was similarly situated to any other subdivision developer along the levee and that the Levee District undertook different permitting actions for those developers.

Since Brown failed to carry his burden of proving an Equal Protection violation, Defendants' motion for summary judgment should be granted as to this claim.

### 3. Defendants' Motion for Summary Judgment should be granted as to Brown's Substantive Due Process Clause claim.

Brown's complaints do not set forth any due process violation claims (Docs. 1, 50). However, Brown argued a substantive due process violation in his "Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss and Motion for Summary Judgment" (Doc. 140), and Defendants responded to the substance of that argument (Doc. 142). Therefore, that claim is addressed herein.

When challenges to land use decisions aspire to constitutional stature, the Court views those decisions as "quasi-legislative" in nature, and thus sustainable against a substantive due process challenge if there exists therefor "any conceivable rational basis." See FM Properties Operating Co. v. City of Austin, 93 F.3d 167, 174 (5th Cir. 1996). In other words, such government action comports with substantive due process if the action is rationally related to a legitimate government interest. See

FM Properties Operating Co., 93 F.3d at 174. Only if such government action is "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare," may it be declared unconstitutional. See FM Properties Operating Co., 93 F.3d at 174 (citing Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 395 (1926)); see also Hackbelt 27 Patners, L.P., 661 Fed. Appx. at 847.

The due process clause does not require a state to implement its own law correctly, nor does the Constitution insist that a local government be right. See FM Properties Operating Co., 93 F.3d at 174; see also G & H Development, L.L.C. v. Benton-Parish Metropolitan Planning Commission, 641 Fed. Appx. 354, 358 (5th Cir. 2016). Converting alleged violations of state law into federal due process claims improperly bootstraps state law into the Constitution. See FM Properties Operating Co., 93 F.3d at 174. A violation of state law is alone insufficient to state a constitutional claim under the Fourteenth Amendment. See FM Properties Operating Co., 93 F.3d at 174; see also G & H Development, L.L.C. 641 Fed. Appx. at 358. For a rational basis analysis, the question is only whether a rational relationship exists between the policy and a conceivable legitimate governmental objective. See FM Properties Operating Co., 93 F.3d at 174-75.

Brown has not alleged there is no rational basis for the Levee District permitting requirements. Instead, he only alleges the Levee Board failed to comply with state court judgments holding he was entitled to permits (Doc. 140). That is a

17

state law violation that may be remedied in state court.[2]   Therefore, Defendants' motion for summary judgment as to Brown's substantive due process claim should be granted.

### C. Defendants' Motion to Remand should be denied as moot.

Defendants also filed a Motion to Remand (Doc. 106).  In 2016, Defendants filed a new state court action for damages against Brown, claiming Brown had improperly installed water lines across the Levee District right of way.  Brown filed a "Notice of Removal and Automatic Stay of State Court Proceedings" (Doc. 101),[3] to have Defendants' state court action removed to this court and docketed in this case.

A removed action is docketed as a new federal suit.  Brown's Notice of Removal was improperly filed into this action.  The Clerk of Court has refiled Brown's Notice of Removal as a new federal action, and an order to withdraw the Notice of Removal from this suit has been issued.  Brown will be assessed filing fees and directed to file the state court pleadings in that action, as required by 28 U.S.C. § 1446(a).  Defendants' Motion to Remand and the briefs pertinent to it will be copied into the new suit, and it will be considered in that action.

Therefore, as far as this action is concerned, Defendants' Motion to Remand (Doc. 106) is moot.

---

[2] Brown cites Roy v. City of Augusta, Maine, 712 F.2d 1517 (1st Cir. 1983), in support of his claim.  However, Roy is a procedural due process case.  Brown has not alleged he was denied minimal procedural due process.

[3] Brown alleges he removed the action pursuant to 28 U.S.C. § 1447(c).  However, § 1447 is the remand statute rather than the removal statute.  Brown removed the case pursuant to § 1441(a), alleging federal question jurisdiction.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendants' Motion to Dismiss (Doc. 94) be GRANTED and that Plaintiff's federal takings claim be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

IT IS FURTHER RECOMMENDED that Brown's state law takings claim be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. 95) be GRANTED as to Plaintiff's Equal Protection and Substantive Due Process Claims and DENIED as to the takings claims, and that Plaintiff's Equal Protection and Substantive Due Process claims be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that Defendants' Motion for Remand (Doc. 106) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 31st day of July, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge